JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case Nos. | 2:25-cv-02258-RGK-MAA<br>2:25-cv-02259-RGK-MAA<br>2:25-cv-02260-RGK-MAA<br>2:25-cv-02261-RGK-MAA | Date | October 2, 2025 |
|---|---|---|---|
| Title | *John Attenello MD APC v. United Healthcare Insurance Company* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff: Not Present

Attorneys Present for Defendant: Not Present

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motions to Remand [71]; Defendant's Motions to Dismiss [69]

## I. INTRODUCTION AND BACKGROUND

On February 10, 2025, Dr. John Attenello MD APC ("Plaintiff") filed four actions against UnitedHealthcare Insurance Company ("Defendant") in the Small Claims Court of the Superior Court of California, County of Los Angeles. In each case, Plaintiff alleges Defendant underpaid him for medical services he provided to patients that Defendant insured. And in each case, Plaintiff asserts solely state law causes of action. Nonetheless, on March 13, 2025, Defendant removed each of these actions to this Court based on federal question jurisdiction and the federal officer removal statute.

Presently before the Court are Plaintiff's Motions to Remand and Defendant's Motions to Dismiss. Both Motions were filed in each of the four cases. For the following reasons, the Court **GRANTS** Plaintiff's Motions to Remand and **DENIES** Defendant's Motions to Dismiss as **moot**.

## II. JUDICIAL STANDARD

"Federal courts are courts of limited jurisdiction" and presumptively lack jurisdiction over an action. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, federal courts have federal question jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." Moreover, under the federal officer removal statute, a civil action against "[t]he United States or any agency thereof or any officer . . . of the United States or of any agency thereof" may be removed to federal court. 28 U.S.C. § 1442.

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:25-cv-02258-RGK-MAA<br>2:25-cv-02259-RGK-MAA<br>2:25-cv-02260-RGK-MAA<br>2:25-cv-02261-RGK-MAA | Date | October 2, 2025 |
|---|---|---|---|
| Title | *John Attenello MD APC v. United Healthcare Insurance Company* | | |

### III.   DISCUSSION

Defendant removed each of Plaintiff's lawsuits against it to this Court based on: (1) federal question jurisdiction and (2) the federal officer removal statute. Plaintiff argues that remand is required because the Court lacks subject matter jurisdiction over each of the lawsuits. The Court addresses Defendant's two stated bases for removal in turn.

#### A.   Federal Question Jurisdiction

Defendant argues the Court has federal question jurisdiction over Plaintiff's state law claims because Plaintiff raises significant federal Medicare issues that are central to his claims. More specifically, Defendant contends that Plaintiff himself alleges he accepted a Medicare assignment. When a healthcare provider accepts a Medicare assignment, the provider may not, pursuant to 42 C.F.R. § 424.55, charge a Medicare patient (or his insurer) any more than the Medicare-approved amount[1] for whatever service they provide. Thus, since Defendant's role is to reimburse the healthcare provider the difference between the Medicare-approved amount for the service its insured received and what the insured is responsible for,[2] and Defendant did that here, each of Plaintiff's lawsuits is an effort to challenge Medicare's reimbursement methodology.

As noted above, federal courts have federal question jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law when federal law creates the cause of action asserted. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). While plaintiffs usually invoke Section 1331 jurisdiction for violations of federal law, they also may invoke it over certain state-law claims. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). In determining whether a federal district court has "arising under" jurisdiction over a claim, it is important to keep in mind "the basic principle marking the boundaries of the federal question

---

[1] Before 1992, payment for medical services under Medicare Part B was based on the reasonable cost of the physician's services. *See American Soc'y of Dermatology v. Shalala*, 962 F. Supp. 141, 143 (D.D.C. 1996). Congress later revised the method for calculating physicians' payments by directing the Secretary of the Department of Health and Human Services to "establish a uniform procedure coding system for the coding of all physicians' services." 42 U.S.C. § 1395w–4(c)(5). Under this system, the physician is paid the lesser of his or her actual charge for services or an amount determined pursuant to a fee schedule set by the Centers for Medicare and Medicaid Services ("CMS"). 42 U.S.C. § 1395w–4(a). In other words, CMS predetermines how much a provider like Plaintiff should be paid for any given service based on its own methodology. If the provider's fee for providing the services exceeds the amount set by CMS for that service, the amount CMS set controls.

[2] Medicare does not always reimburse the whole CMS-set amount for any given medical service, and the patient is responsible for the remainder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:25-cv-02258-RGK-MAA<br>2:25-cv-02259-RGK-MAA<br>2:25-cv-02260-RGK-MAA<br>2:25-cv-02261-RGK-MAA | Date | October 2, 2025 |
|---|---|---|---|
| Title | *John Attenello MD APC v. United Healthcare Insurance Company* | | |

jurisdiction of the federal district courts": the well-pleaded complaint rule. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under this rule, any federal question must appear on the face of the complaint. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983).

Here, Plaintiff's suits against Defendant are based entirely on state law causes of action. None of these causes of action, on their face, turn on a federal issue. Indeed, despite Defendant's lengthy discussion regarding Medicare, Plaintiff only mentions Medicare once in each of his complaints, simply noting that he accepted a Medicare assignment. *Cf. Grable & Sons Metal Prods., Inc.*, 545 U.S. at 314–15 (finding federal subject matter jurisdiction where the complaint premised its state law claim on a failure by the IRS to give adequate notice as defined by federal law). Surely Defendant does not contend that federal courts have jurisdiction over *any* dispute involving *any* provider who accepts a Medicare assignment. The fact of the matter is that federal issues may very well require resolution as they relate to Defendant's *defenses* to Plaintiff's claims, but it is well settled that a federal defense cannot be the basis for federal subject matter jurisdiction. *See Caterpillar v. Williams*, 482 U.S. 386, 393 (1987).

Defendant alternatively argues the Court has subject matter jurisdiction because Plaintiff's suits arise under the Medicare Act. In support of this argument, Defendant cites *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107 (9th Cir. 2003). *Kaiser* addressed whether certain claims arose under the Medicare Act within the meaning of 42 U.S.C. § 405(h), which deprives federal courts of jurisdiction over cases "arising under" the Medicare Act absent exhaustion of administrative remedies, 42 U.S.C. § 405(g). It did not address whether a case "aris[es] under the Constitution, laws, or treaties of the United States" for purposes of the federal question jurisdiction statute. 28 U.S.C. § 1331. Applying *Kaiser*'s definition of "arising under," to the federal question jurisdiction statute would upend decades of jurisprudence regarding federal question jurisdiction. *Compare Kaiser*, 347 F.3d at 1112 ("Indeed courts have considered numerous cases that do not, on their face, appear to claim specific Medicare benefits or reimbursements yet have been found to arise under Medicare."), *with Gully v. First Nat'l Bank*, 299 U.S. 109, 117 (1936) ("To define broadly and in the abstract 'a case arising under the Constitution or laws of the United States' has hazards of a kindred order.").

The Court does not have federal question jurisdiction over Plaintiff's lawsuits.

    **B.**    <u>**Federal Officer Removal**</u>

Defendant argues Plaintiff's cases were properly removed under the federal officer removal statute. The Court struggles to follow Defendant's argument on this front, but it appears Defendant believes it is able to invoke the federal officer removal statute because it participates as a Medicare

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case Nos. | 2:25-cv-02258-RGK-MAA<br>2:25-cv-02259-RGK-MAA<br>2:25-cv-02260-RGK-MAA<br>2:25-cv-02261-RGK-MAA | Date | October 2, 2025 |
|---|---|---|---|
| Title | *John Attenello MD APC v. United Healthcare Insurance Company* | | |

Advantage Organization ("MAO") in the Medicare program for certain plans it administers. The federal officer removal statute applies to private persons or firms who lawfully assist a federal officer in the performance of his or her official duty. *Watson v. Phillip Morris Cos.*, 551 U.S. 142, 151–52 (2007). The Sixth Circuit has rejected Defendant's precise argument, however, reasoning that MAOs do not act under a federal agency for purposes of the federal officer removal statute because despite being subject to extensive regulatory requirements, they have an "arms-length" relationship with CMS. *See Ohio State Chirporactic Ass'n v. Humana Health Plan Inc.*, 647 F. App'x 619, 622–23 (6th Cir. 2016). The Court finds this reasoning persuasive. Accordingly, the federal officer removal statute does not apply.

Accordingly, the Court **GRANTS** Plaintiff's Motions to Remand.

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** 2:25-cv-02258-RGK-MAA, 2:25-cv-02259-RGK-MAA, 2:25-cv-02260-RGK-MAA, and 2:25-cv-02261-RGK-MAA to the Small Claims Court of the Superior Court of California, County of Los Angeles for all further proceedings. The Court **DENIES** each of Defendant's Motions to Dismiss as **moot**.

**IT IS SO ORDERED.**

cc:  Los Angeles County Superior Court, 25BHSC00193

|  | : |
|---|---|
| Initials of Preparer | JRE/aa |